IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| CARLO MERILLO, III, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 11-333-GMS ) |
| JAMES SCARBOROUGH, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 4th day of Nov. 2015, having considered the plaintiff's request for counsel (D.I. 104.)

## I. INTRODUCTION

The plaintiff, Carlo Merillo, III ("the plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.)

## II. REQUEST FOR SUBPOENAS

The plaintiff recently filed a letter for *subpoena duces tecum* forms or how to obtain the forms. (D.I. 99.) The plaintiff is advised that should request the forms from the prison law library. The plaintiff is further advised that should he seek to serve subpoenas pursuant to Fed. R. Civ. P. 45, he shall submit the subpoena to the court for issuance along with a declaration justifying the subpoena request that explains how the documents he seeks are relevant to his claims. The plaintiff shall also demonstrate his ability to pay for any costs associated with issuance of the subpoena, such as photocopy fees, witness fees, or mileage.

## III. REQUEST FOR COUNSEL

The plaintiff seeks counsel on the grounds that the defendants intend to depose him, and he opposes being deposed without the assistance of counsel. (D.I. 104.) The plaintiff indicates that, if he is not provided counsel, he will decline to speak and/or answer any questions until the issue of counsel has been resolved. He seeks counsel on the grounds that he: (1) has no legal training; (2) cannot protect his interest in maintaining his action in face of skilled attorneys, and (3) must protect himself from the stealth of trained attorneys.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf;

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that the plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing the plaintiff's complaint, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, the plaintiff has ably represented himself in this case. In light of the foregoing, the court will deny without prejudice to renew the plaintiff's request for counsel. Should the need for counsel arise later, one can be appointed at that time.

The plaintiff filed this case and his cooperation in discovery is expected and required. The plaintiff is placed on notice that sanctions may issue should he impede, delay, or frustrate his fair examination or fail to attend and proceed with the deposition. *See* Fed. R. Civ. P. 30(d)(2), (g).

## IV. CONCLUSION

IT IS THEREFORE ORDERED, that the plaintiff's request for counsel is **denied** without prejudice to renew (D.I. 104.)

UNITED STATES DISTRICT JUDGE

3